Skip to Main Content  Logout  My Account  Search Menu  New Civil Probate Family Search  Refine Search  Back     Location : Curry County   Images  Help

# REGISTER OF ACTIONS
### CASE NO. D-905-CV-2015-00472

| Sarah Ulibarri v. Window Mart Manufacturing LLC, et. al. | § § § § § § | Case Type: **Tort**<br>Date Filed: **11/16/2015**<br>Location: **Curry County**<br>Judicial Officer: **Reeb, David Peter** |
|---|---|---|

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | Cockman, Thomas | |
| **Defendant** | Window Mart Manufacturing LLC | |
| **Plaintiff** | Ulibarri, Sarah | Daniel R. Lindsey<br>*Retained*<br>575-763-8900(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 11/16/2015 | **Cause Of Actions** | Tort: Personal Injury Auto |
| | Action Type | Action |
| 11/16/2015 | OPN: COMPLAINT | |
| | *Plaintiff's Complaint for Personal Injury and Damages* | |
| 11/16/2015 | JURY DEMAND 6 PERSON | |
| | *Plaintiff's request for six person jury* | |
| 11/17/2015 | AMENDED COMPLAINT | |
| | *Plaintiff's first amended Complaint* | |
| 11/23/2015 | **Summons** | |
| | Window Mart Manufacturing LLC | Unserved |
| | Cockman, Thomas | Unserved |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Ulibarri, Sarah | | | |
| | Total Financial Assessment | | | 267.00 |
| | Total Payments and Credits | | | 267.00 |
| | **Balance Due as of 06/01/2016** | | | **0.00** |
| 11/16/2015 | Transaction Assessment | | | 267.00 |
| 11/16/2015 | File & Serve Payment | Receipt # CLOD-2015-3510 | Ulibarri, Sarah | (267.00) |



FILED IN MY OFFICE
DISTRICT COURT CLERK
11/16/2015 9:09:23 AM
SHELLY BURGER

IN THE NINTH JUDICIAL DISTRICT COURT
COUNTY OF CURRY
STATE OF NEW MEXICO

SARAH ULIBARRI,

          Plaintiff,

vs.

THOMAS COCKMAN and
WINDOW MART MANUFACTURING LLC,

          Defendants,

D-905-CV-2015-00472
No. **D-905-CV-2015000**
JUDGE DAVID P. REEB

## PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY AND DAMAGES

**COMES NOW**, Plaintiff Sarah Ulibarri, by and through her attorney, the Lindsey Law Firm, LLC, by Daniel R. Lindsey, and for her Complaint against Defendants states as follows:

### I. PARTIES

1.1  At all times relevant to this case, Plaintiff Sarah Ulibarri, was a resident domiciliary of Clovis, Curry County, New Mexico.

1.2  At all times relevant to this case, Defendant Window Mart Manufacturing LLC (hereafter "Window Mart") is believed to have been a domiciliary of Royal, Garland County, Arkansas, and with headquarters in such location.

1.3  At all times relevant to this case, Defendant Thomas Cockman was employed by Defendant Window Mart Manufacturing LLC and operating one of their motor vehicles in Curry County.

1.4  All events relevant to the accident alleged in this Complaint occurred within Curry County, New Mexico.

## II. VENUE AND JURISDICTION

2.1     Venue is proper in Curry County, New Mexico pursuant to NMRA Section 38-3-1.

2.2     This Court has jurisdiction over this matter because all relevant events took place in Curry County, New Mexico.

## III. GENERAL ALLEGATIONS

3.1     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

3.2     On or about November 28, 2012 Plaintiff, Sarah Ulibarri, was traveling north on Norris Street in her Pontiac sedan, approaching the intersection with U.S. Highway 60/84 in Clovis, New Mexico. Plaintiff had a green light and proceeded through the intersection of Norris and Highway 60/84, when she was suddenly and violently struck by Defendant Window Mart's truck which was being driven westbound by Defendant Thomas Cockman.

3.3     Plaintiff Sarah Ulibarri, although wearing her seatbelt, was thrown about within her vehicle and sustained physical injuries requiring medical treatment.

3.4     Defendant, Thomas Cockman, failed to properly obey New Mexico traffic laws, thereby causing the accident and injuries to Plaintiff, Sarah Ulibarri.

3.5     Plaintiff, Sarah Ulibarri, was taken to Plains Regional Medical Center for emergency treatment and was subsequently treated by Dr. Ali Ghaffari for her injuries.

## IV. NEGLIGENCE AND LIABILITY OF DEFENDANT THOMAS COCKMAN

4.1     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

4.2     Sarah Ulibarri had proceeded through almost the entire intersection of Norris Street and Highway 60/84 when, a distance of nearly 100 feet, when the truck driven by Defendant Thomas Cockman struck the right rear portion of her vehicle. Sarah Ulibarri's vehicle was clearly in the intersection moving in a northward direction before the vehicle driven by Thomas Cockman entered the intersection and caused the collision.

4.3     Thomas Cockman violated two sections of the Motor Vehicle Traffic Laws of New Mexico, namely NMSA §66-7-328-*Vehicle approaching or entering intersection*, which states at A. "The driver of a vehicle approaching an intersection shall yield the right -of-way to a vehicle which has entered the intersection from a different highway," and NMSA §66-8-114-*Careless driving*, which states at A. "Any person operating a vehicle on the highway shall give his full time and attention to the operation of the vehicle." He did not yield the right of way to Sarah Ulibarri's vehicle which had clearly entered the intersection before his vehicle, and he failed to keep a proper lookout for vehicles in front of him. In violating the law, Defendant Thomas Cockman was negligent per se.

4.4     Thomas Cockman's driving was reckless and careless in that he caused collision that he could have easily avoided, and as such he breached his obligation to operate a motor vehicle in a safe and prudent manner. Due to his breech of his obligation to operate a motor vehicle in a safe and prudent manner, and to follow the traffic laws, Thomas Cockman's conduct was negligent and was the direct and proximate cause of the accident which caused Plaintiff Sarah Ulibarri physical injury, requiring medical treatment and the payment of medical expenses, and which also damaged her vehicle.

4.5.    Defendant John Doe is responsible and liable for causing personal injury to Plaintiff Sarah Ulibarri, for damaging her vehicle, for causing her to incur medical treatment and expenses, and

he should be compelled to pay her actual damages, including, but not limited to: medical expenses, loss of enjoyment of life, hedonic damages, pain, suffering, anguish, damage to her vehicle, and punitive damages for conduct which is actionable at law.

## V. RESPONDEAT SUPERIOR LIABILITY OF DEFENDANT WINDOW MART

5.1   The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

5.2   Defendant Window Mart, as the employer of Defendant Thomas Cockman, is liable for the negligent actions of its employee under the principle of respondeat superior.

5.3   Therefore, Defendant Window Mart is liable for the reckless, careless and negligent driving of Defendant Thomas Cockman, and should be compelled to pay Plaintiff Sarah Ulibarri for her actual damages, including, but not limited to: medical expenses, loss of enjoyment of life, hedonic damages, pain, suffering, anguish, damage to her vehicle, and punitive damages for conduct which is actionable at law.

, the damages she suffered, the damage to her vehicle, and for punitive damages.

## VI. JURY DEMAND

8.1   Plaintiff requests that a jury of six be convened to try the factual issues in this case.

## VII. PRAYER FOR RELIEF

9.1   Plaintiff pray that Defendants be cited to appear and answer herein, and that upon final hearing of this cause, Plaintiff has judgment against the Defendants, jointly and severally, for damages described herein for costs of suit, for pre-judgment interest at the highest rate allowed by law, and from the earliest date allowed by law, for post-judgment interest at the highest rate

allowed by law and from the earliest date allowed by law, and for punitive damages. Plaintiff also seeks such other and further relief to which she may be justly entitled including all damages allowable by New Mexico Law.

Respectfully submitted,

Daniel R. Lindsey
920 Mitchell Street
Clovis, New Mexico
575-763-8900
575-763-1771 fax
ATTORNEYS FOR PLAINTIFF

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/16/2015 9:09:23 AM
SHELLY BURGER

IN THE NINTH JUDICIAL DISTRICT COURT
COUNTY OF CURRY
STATE OF NEW MEXICO

SARAH ULIBARRI,

        Plaintiff,

vs.

THOMAS COCKMAN and
WINDOW MART MANUFACTURING LLC,

        Defendants,

D-905-CV-2015-00472
No. D-905-CV-2015000_____

## JURY DEMAND

COMES NOW, Plaintiff Sarah Ulibarri, by and through her attorney, the Lindsey Law Firm, LLC, by Daniel R. Lindsey, and hereby requests trial by a jury of six (6) persons.

Respectfully submitted,

Daniel R. Lindsey
920 Mitchell Street
Clovis, New Mexico
575-763-8900
575-763-1771 fax
ATTORNEYS FOR PLAINTIFF

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/17/2015 10:52:57 AM
SHELLY BURGER

IN THE NINTH JUDICIAL DISTRICT COURT
COUNTY OF CURRY
STATE OF NEW MEXICO

SARAH ULIBARRI,

        Plaintiff,

vs.

        No. D-905-CV-2015000 472

THOMAS COCKMAN and
WINDOW MART MANUFACTURING LLC,

        Defendants,

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PERSONAL INJURY AND DAMAGES

COMES NOW, Plaintiff Sarah Ulibarri, by and through her attorney, the Lindsey Law Firm, LLC, by Daniel R. Lindsey, and for her Complaint against Defendants states as follows:

### I. PARTIES

1.1 At all times relevant to this case, Plaintiff Sarah Ulibarri, was a resident domiciliary of Clovis, Curry County, New Mexico.

1.2 At all times relevant to this case, Defendant Window Mart Manufacturing LLC (hereafter "Window Mart") is believed to have been a domiciliary of Royal, Garland County, Arkansas, and with headquarters in such location.

1.3 At all times relevant to this case, Defendant Thomas Cockman was employed by Defendant Window Mart Manufacturing LLC and operating one of their motor vehicles in Curry County.

1.4 All events relevant to the accident alleged in this Complaint occurred within Curry County, New Mexico.

## II. VENUE AND JURISDICTION

2.1  Venue is proper in Curry County, New Mexico pursuant to NMRA Section 38-3-1.

2.2  This Court has jurisdiction over this matter because all relevant events took place in Curry County, New Mexico.

## III. GENERAL ALLEGATIONS

3.1  The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

3.2  On or about November 28, 2012 Plaintiff, Sarah Ulibarri, was traveling north on Norris Street in her Pontiac sedan, approaching the intersection with U.S. Highway 60/84 in Clovis, New Mexico. Plaintiff had a green light and proceeded through the intersection of Norris and Highway 60/84, when she was suddenly and violently struck by Defendant Window Mart's truck which was being driven westbound by Defendant Thomas Cockman.

3.3  Plaintiff Sarah Ulibarri, although wearing her seatbelt, was thrown about within her vehicle and sustained physical injuries requiring medical treatment.

3.4  Defendant, Thomas Cockman, failed to properly obey New Mexico traffic laws, thereby causing the accident and injuries to Plaintiff, Sarah Ulibarri.

3.5  Plaintiff, Sarah Ulibarri, was taken to Plains Regional Medical Center for emergency treatment and was subsequently treated by Dr. Ali Ghaffari for her injuries.

## IV. NEGLIGENCE AND LIABILITY OF DEFENDANT THOMAS COCKMAN

4.1  The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

4.2    Sarah Ulibarri had proceeded through almost the entire intersection of Norris Street and Highway 60/84 when, a distance of nearly 100 feet, when the truck driven by Defendant Thomas Cockman struck the right rear portion of her vehicle. Sarah Ulibarri's vehicle was clearly in the intersection moving in a northward direction before the vehicle driven by Thomas Cockman entered the intersection and caused the collision.

4.3    Thomas Cockman violated two sections of the Motor Vehicle Traffic Laws of New Mexico, namely NMSA §66-7-328-*Vehicle approaching or entering intersection*, which states at A. "The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway," and NMSA §66-8-114-*Careless driving*, which states at A. "Any person operating a vehicle on the highway shall give his full time and attention to the operation of the vehicle." He did not yield the right of way to Sarah Ulibarri's vehicle which had clearly entered the intersection before his vehicle, and he failed to keep a proper lookout for vehicles in front of him. In violating the law, Defendant Thomas Cockman was negligent per se.

4.4    Thomas Cockman's driving was reckless and careless in that he caused collision that he could have easily avoided, and as such he breached his obligation to operate a motor vehicle in a safe and prudent manner. Due to his breech of his obligation to operate a motor vehicle in a safe and prudent manner, and to follow the traffic laws, Thomas Cockman's conduct was negligent and was the direct and proximate cause of the accident which caused Plaintiff Sarah Ulibarri physical injury, requiring medical treatment and the payment of medical expenses, and which also damaged her vehicle.

4.5.    Defendant John Doe is responsible and liable for causing personal injury to Plaintiff Sarah Ulibarri, for damaging her vehicle, for causing her to incur medical treatment and expenses, and

he should be compelled to pay her actual damages, including, but not limited to: medical expenses, loss of enjoyment of life, hedonic damages, pain, suffering, anguish, damage to her vehicle, and punitive damages, for conduct which is actionable at law.

## V. RESPONDEAT SUPERIOR LIABILITY OF DEFENDANT WINDOW MART

5.1 The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

5.2 Defendant Window Mart, as the employer of Defendant Thomas Cockman, is liable for the negligent actions of its employee under the principle of respondeat superior.

5.3 Therefore, Defendant Window Mart is liable for the reckless, careless and negligent driving of Defendant Thomas Cockman, and should be compelled to pay Plaintiff Sarah Ulibarri for her actual damages, including, but not limited to: medical expenses, loss of enjoyment of life, hedonic damages, pain, suffering, anguish, damage to her vehicle, and punitive damages for conduct which is actionable at law.

## VI. JURY DEMAND

6.1 Plaintiff requests that a jury of six be convened to try the factual issues in this case.

## VII. PRAYER FOR RELIEF

7.1 Plaintiff requests that upon final hearing of this cause, Plaintiff be granted judgment against the Defendants, for negligence and damages described hereinabove, and also including costs of suit, pre-judgment interest at the highest rate allowed by law, and from the earliest date

allowed by law and from the earliest date allowed by law, and for punitive damages. Plaintiff also seeks such other and further relief to which she may be justly entitled including all damages allowable by New Mexico Law.

Respectfully submitted,

Daniel R. Lindsey
920 Mitchell Street
Clovis, New Mexico
575-763-8900
575-763-1771 fax
ATTORNEYS FOR PLAINTIFF